**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
VAUGHN H. BRUENN,               :
                                :
        Plaintiff,               :
                                :
    v.                           :   Civil Action No. 08-1655 (JR)
                                :
DR. RAJIV SHAH, Administrator,  :
USAID, et al.,                  :
                                :
        Defendants.              :
```

**MEMORANDUM**

Vaughn H. Bruenn was fired by his employer Northrop Grumman Corp. on February 15, 2002.  Compl. ¶ 22.  He subsequently sued Northrop in California state court, alleging that it violated California employment law by discriminating against him and harassing him on the basis of physical and mental disabilities.  Id. ¶¶ 22-24.  Following trial, the jury returned a verdict favor of Northrop, and Bruenn appealed unsuccessfully. See Bruenn v. Northrop Grumman Corp., 2005 WL 1684905 (Cal. App. 2d Dist. July 20, 2005); cert. denied, Bruenn v. Northrop Grumman Corp., 547 U.S. 1040 (2006); reh'g denied, Bruenn v. Northrop Grumman Corp., 547 U.S. 1144 (2006).

In the present action, Bruenn, proceeding pro se, alleges that the U.S. Agency for International Development ("USAID") bears ultimate responsibility for Northrop's allegedly discriminatory actions.  Compl. ¶¶ 33-35.  Defendants move to dismiss for lack of subject-matter jurisdiction and failure to state a claim or in the alternative for summary judgment.  Bruenn

lacks standing to bring his attenuated claim, and his complaint must be dismissed for lack of subject-matter jurisdiction.

Standing to sue is necessary to invoke the limited subject-matter jurisdiction of the federal courts. To establish standing, a plaintiff must show, inter alia, that the injury he alleges is fairly traceable to the challenged actions of the defendant, see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992), and at the pleading stage, he must allege sufficient facts to support standing. See id. at 561; Cedars-Sinai Medical Ctr. v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1994).

Bruenn claims that USAID bears responsibility for Northrop's allegedly discriminatory actions, but he does not claim that Northrop had any knowledge of those actions or authority to control them. He suggests that USAID's decision to award a contract to Northrop in 2006 to administer the "President's Emergency Plan for AIDS Relief" rendered him, retroactively, a "federal contract worker," Compl. ¶¶ 33-34, but that suggestion is self-evidently specious, as are Bruenn's conclusory allegations of "conspiratorial actions," Compl. ¶ 35. See Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001).

An appropriate order accompanies this memorandum.

                                      JAMES ROBERTSON
                           United States District Judge